IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEVI LUGINBYHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-25-1411-JD |
| | ) |
| RED ROCK CORRECTIONS | ) |
| CENTER et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brought this civil rights complaint against the Red Rock Corrections Center and Chaplain Kennth Neher alleging religious discrimination. Doc. 1, at 6-7, 9.[1] United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 4. The undersigned recommends the Court dismiss the complaint without prejudice based on Plaintiff's failure to follow the Court's Rules and order to pay the initial partial filing fee.

**I.  Discussion.**

The Court granted Plaintiff's application to proceed in forma pauperis (IFP) on December 1, 2025. Docs. 2, 5. The Court ordered Plaintiff to make an

---

[1]  Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

initial payment of $9.25 by December 22, 2025. Doc. 5, at 1. The Court warned Plaintiff that if he failed to timely pay the initial fee or show cause in writing for his failure to pay, his case would be subject to dismissal without prejudice to refiling. *Id.* at 2.

The Postmaster has not returned this Order to the Court, so the Court deems it delivered to Plaintiff. *See* LCvR5.4 ("Papers sent by the court will be deemed delivered if sent to the last known address given to the court.").

To date, Plaintiff has not paid the initial partial filing fee. He also has not sought an extension of time or shown good cause for his failure to pay.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Plaintiff appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Plaintiff's failure to comply with this Court's Rules and order to pay the initial partial filing fee have left the Court without the ability "to achieve an orderly and expeditious" resolution of this case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"). The undersigned concludes, therefore, that dismissal of this action without prejudice to refiling is warranted under Rule 41(b) and LCvR3.3(e) ("Failure to pay the filing fees by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by the date specified for payment shall be cause for dismissal of the action without prejudice to refiling.").

## II.  Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 29, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of January, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE