## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEVI LUGINBYHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-01411-JD |
| | ) | |
| RED ROCK CORRECTIONS CENTER | ) | |
| and NEHR KENNTH, Chaplain, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Judge Suzanne Mitchell's Report and Recommendation [Doc. No. 6], to which Plaintiff Levi Luginbyhl ("Plaintiff") objected [Doc. No. 7]. As discussed below, the Court accepts and adopts the Report and Recommendation ("R. & R.").

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this case against various defendants, including Red Rock Corrections Center, where he is incarcerated. [Doc. No. 1]. The Court referred this action to Judge Mitchell for preliminary proceedings under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

The R. & R. recommends dismissing Plaintiff's Complaint without prejudice for failure to comply with the Court's Rules and Order of December 1, 2025, to pay the initial partial filing fee. [Doc. No. 6 at 1–3]. The R. & R. advised Plaintiff of his right to object by January 29, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 4]. Plaintiff filed a timely objection. [Doc. No. 7].

Plaintiff objects to the R. & R., stating that he submitted a request to access his

savings to pay the partial filing fee but that the staff had not responded to his request, thus prohibiting him from paying the partial filing fee. [Doc. No. 7 at 1]. He asserts his inability to timely pay the fee was due to no fault of his own and requests that the Court grant him an extension to pay the fee. [*Id.*].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When an objection is improper (objections that are not timely or specific), the Court may review the R. & R. under any standard it deems appropriate. *Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991)). The Court will construe Plaintiff's objections liberally because he is proceeding pro se, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court addresses Plaintiff's objection that his failure to pay the partial filing fee was due to no fault of his own. The Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis to the extent that the Court found that he was "entitled to proceed without prepayment of the full filing fee." [Doc. No. 5 at 1]. The Court ordered

him to pay the initial partial filing fee by December 22, 2025. [*Id.*]. With his objection, Plaintiff submitted the form he completed requesting access to money from his prison accounts to pay the fee. [Doc. No. 7-1]. The form indicates that, after he originally submitted it, the staff returned his form because it lacked his signature. [*Id.*]. The staff returned the form before the date his partial filing fee was due. [*Id.*]. Accordingly, Plaintiff had an opportunity to move for an extension of time to pay the partial filing fee and failed to do so. *See* LCvR3.4(a) ("Failure of any applicant to pay the initial partial filing fee or any other payment ordered by the court by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by that date why the applicant cannot pay the fee shall be cause for dismissal of the action without prejudice to refiling."); Order of Dec. 1, 2025 [Doc. No. 5 at 1–2] (warning Plaintiff that "[i]f by [December 22, 2025] "Plaintiff has failed to pay the initial partial filing fee *or failed to show cause in writing for the failure to pay, this action will be subject to dismissal without prejudice to refiling*, and no fees or costs will be imposed or collected") (emphasis added). Plaintiff does not explain in his objection why he was prohibited from timely seeking an extension to make payment, following the Court Rules and the Court's Order. Additionally, the form submitted by Plaintiff does not demonstrate that Plaintiff ever properly resubmitted it, contrary to Plaintiff's assertion that he did so. [Doc. No. 7 at 1]. The form submitted by Plaintiff demonstrates that the staff returned it to Plaintiff because it lacked his signature. [Doc. No. 7-1]. Plaintiff has not filed anything demonstrating he resubmitted the form, with a signature, before the date the partial filing fee was due, or why he could not have sought an extension by Judge Mitchell by her

deadline or before she issued the R. & R. The Court, therefore, concludes that Plaintiff has not shown that he failed to comply through no fault of his own, as he states in his objection, and overrules his objection. [Doc. No. 7 at 1]. The Court is obligated to construe Plaintiff's filings liberally because he is proceeding pro se but must hold pro se litigants "to the same rules of procedure as other litigants." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (same).

For the reasons outlined above, the Court overrules Plaintiff's objection, and the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 6]. The Court dismisses Plaintiff's Complaint without prejudice to refiling. A separate judgment will follow.

IT IS SO ORDERED this 30th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

4